UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81191-CV-HURLEY/HOPKINS

FRED GREENBERG and
TIMBER RIDGE, INC.,

    Plaintiffs,

v.

LUIS (JANER) RULLAN, and
LUIS (COLOM) RULLAN,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER, DENYING
PLAINTIFFS' MOTION FOR REMAND, DISMISSING ACTION,
AND CLOSING CASE**

**THIS CAUSE** comes before the Court upon Defendants' Notice of Removal and Motion to Transfer to the United States District Court for the District of Maryland [ECF No. 1], filed on September 20, 2014, pursuant to 28 U.S.C. §§ 1446 and 1404, and Plaintiffs' Motion for Remand [ECF No. 8], filed on October 16, 2014, pursuant to 28 U.S.C. § 1447.  Upon review, the Court will deny both Motions, and dismiss the case.

## BACKGROUND

### A. The Parties

Plaintiff Timber Ridge, Inc. ("Timber Ridge") is a children's summer camp in West Virginia, operated by Youth World, Ltd.  Comp. ¶ 8–10 [ECF No. 1-1].  Co-Plaintiff Fred Greenberg and his daughter, Jill Goden, each own 50% of Timber Ridge and Youth World, Ltd. *Id.* ¶ 9.

Defendants are Juis (Janer) Rullan ("Rullan, Jr."), a former camper at Timber Ridge, and Luis (Colom) Rullan, Sr. ("Rullan, Sr."), his father. *Id.* ¶ 11.

Greenberg is a resident of Florida, *id.* ¶ 4, and the Rullans are "resident[s]" of Spain. *Id.* ¶¶ 6–7. Timber Ridge is incorporated in West Virginia with its principal place of business there. *Id.* ¶ 5.

## B. The Agreement

In 2010, Greenberg sought to retire from the summer camp business. *Id.* ¶ 13. On December 4, 2010, Greenberg, Goden, and the Rullans met in Palm Beach County, Florida. *Id.* ¶ 19. They discussed the possibility of Rullan, Jr. purchasing Greenberg's interests in Timber Ridge and Youth World, Ltd. and becoming co-manager of Timber Ridge. *Id.* ¶ 19. The Rullans represented to Greenberg and Goden that they had the finances to assume Greenberg's interests and maintain Timber Ridge. *Id.* ¶¶ 26–28, 30. Goden, Greenberg, and the Rullans also discussed creating a company that would refer European campers to Timber Ridge and other camps. *Id.* ¶ 23.

In March 2011, Goden and Rullan, Jr. formed a camper referral company, Youth World, Int'l. *Id.* 34–35. Rullan, Jr. also made a $55,000 capital contribution to Youth World, Int'l. *Id.* ¶ 36. That summer, Rullan, Jr. began co-managing Timber Ridge with Goden. *Id.* ¶ 38.

On August 24, 2011, Greenberg, Goden, and Rullan, Jr. signed a Partnership and Securities Agreement ("the Agreement"). *Id.* ¶ 46. & Ex. A. Per the Agreement, Greenberg would sell his shares of Youth World, Ltd. and Timber Ridge stock to Rullan, Jr. *Id.* Ex. A. Beginning and including 2011, Rullan, Jr. would make payments each January and July for ten consecutive years "for a total amount of 500,000 USD." *Id.* $50,000 of the $55,000 capital

contribution Rullan, Jr. previously made to Youth World, Int'l was to be considered the first year's payment and was to constitute 10% of the total purchase price.  *Id.*  Per the Agreement, Rullan, Jr. would also receive a salary.  *Id.*

Ultimately, Rullan, Jr. did not perform to Greenberg and Goden's expectations.  *Id.* ¶ 44.  In May 2012, they terminated their relationship with Rullan, Jr.  *Id.*  ¶ 63.  Thereafter, Rullan, Jr. demanded $97,400 in salary from Greenberg and Goden and claimed entitlement to 50% of the shares of Timber Ridge and Youth World, Int'l.  *Id.* ¶¶ 64–65.

### C. The Lawsuits

On August 14, 2012, Rullan, Jr. filed suit against Greenberg and Goden in the United States District Court for the District of Maryland, and on November 5, 2013 amended the complaint to add as defendants Timber Ridge, Inc., Youth World, Ltd., and Youth World, Int'l.  *See* Am. Comp., *Rullan v. Goden*, Civil No. CCB-12-2412 (D. Md. Nov. 5, 2012) [ECF No. 1-4] Order, *Rullan v. Goden*, Civil No. CCB-12-2412 (D. Md. Sept. 30, 2014) [ECF No. 8-2].  In relevant part, the complaint in the District of Maryland claimed one count of breach of contract and one count of fraudulent inducement.  *Id.* ¶¶ 118; 139.  The complaint alleged that Goden and Greenberg misrepresented the financial health of Timber Ridge to induce Rullan, Jr. to enter into the Partnership and Securities Agreement.  *Id.* ¶ 142.  The complaint then alleged that Goden and Greenberg breached the agreement by refusing to tender to Rullan, Jr. Greenberg's shares of Timber Ridge and Youth World, Ltd.  *Id.* ¶ 122.  The Maryland case is still pending.

Two years later, on August 18, 2014, Greenberg and Timber Ridge filed suit against Rullan, Jr. and Rullan, Sr. in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.  Comp., *Greenberg v. Rullan*, 2014CA10123, (Fla. Cir. Ct. Aug. 18,

2014).  The two-count complaint in Florida seeks declaratory judgment and claims fraud in the inducement.  *Id.* ¶¶ 68, 75.  The complaint seeks a judgment declaring that the Agreement is not an enforceable contract, and declaring that Rullan, Jr. is not entitled to 50% of the shares of Timber Ridge or Youth World, Ltd. *Id.* at 20.  In the alternative, the complaint seeks a monetary judgment for fraud in the inducement.  *Id.* at 22.  According to the complaint, the Rullans misrepresented their finances to Greenberg and Goden, causing them to enter into the Agreement with Rullan, Jr to their detriment.  *Id.* ¶¶ 75–84.  The complaint seeks damages "in excess of" $15,000." *Id.* at 22.

## JURISDICTION

State civil actions may be removed to the respective district court if the district court would have original jurisdiction.  28 U.S.C. § 1441(a).  District courts have original jurisdiction over claims filed by citizens of a state against citizens of a foreign state, who are not admitted for permanent residence and domiciled in the same state as plaintiff, when the amount in controversy exceeds $75,000.  28 US.C.C. § 1332(a).  To remove such a case, the defendant must prove "by a preponderance of the evidence" that the parties are diverse and that amount in controversy exceeds $75,000.  *See e.g, Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) ("It is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence."); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Where, *as here*, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.") (emphasis added).  To find removal jurisdiction, the court may look to the complaint, the notice of removal, and a "wide

4

range" of other evidence. *See e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). In this case, both jurisdictional requirements are satisfied.

### A. AMOUNT IN CONTROVERSY

When a plaintiff seeks a judgment declaring the enforceability of a contract providing a right to property, the amount in controversy is the value of that property. *See e.g., Waller v. Prof'l Ins. Crop.*, 296 F.2d 545, 547 (5th Cir. 1961) ("[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."). Plaintiffs seek a judgment declaring the Agreement is not an enforceable contract providing Rullan, Jr. a right to Greenberg's shares of Timber Ridge and Youth World, Ltd. Accordingly, the amount in controversy is the value of those shares of stock.

When the matter in controversy is shares of stock, courts determine the amount in controversy by multiplying the amount of shares by their market value. *See e.g., Gould v. Artisoft*, 1 F.3d 544, 547 (7th Cir. 1993). If the shares are of a corporation that is not publicly traded, courts may look to "evidence of a previous stock sale" to determine their market value. *See id.* A defendant must establish "that the stock in a private transaction would exceed the jurisdictional amount . . . ." *Id.* In this case, Defendant has shown that Plaintiff allegedly agreed to sell him 50% of the shares of Timber Ridge and Youth World, Ltd. for a total of $500,000. As the matter in controversy, the shares of stock, as evidenced by this private transaction, exceed the jurisdictional amount of $75,000.

Jurisdiction is established at the time of removal, *see Miedema v. Maytag Corp.*, 400 F.3d 1322, 1330 (11th Cir. 2006), in this case, September 20, 2014. To argue that the amount in controversy is not satisfied, Plaintiffs offer evidence that on that date Timber Ridge was a

5

worthless corporation. *See* Motion for Remand at 14–16. They show that it earned only $49,897.00 of annual, ordinary income; had $325,000 of debt; and that the $2,122,000 parcel of property it owned had $2,524,000 of encumbrances. *Id.* Plaintiffs do not offer evidence that Youth World, Ltd. was also worthless.

But, even if Plaintiffs had, such a showing would not divest the Court of jurisdiction. To determine the amount in controversy for shares of stock, courts will divide the corporation's assets by the shares only in the absence of a previous stock stale. *See Gould*, 1 F.3d at 547 (explaining that "*[a]bsent evidence of a previous stock sale*, the private sale value can be stated as the percentage of the total value of the company represented by [the plaintiff's] shares") (emphasis added). In this case, Greenberg allegedly agreed to sell his shares of Timber Ridge and Youth World, Ltd. to Rullan, Jr. for $500,000. That he did so is sufficient evidence that the shares of stock exceed the jurisdictional amount. Furthermore, even if a corporation has a "negative book value"—its liabilities exceeding its assets, as Plaintiffs argue—the court will prioritize previous transactions over book value when determining the amount in controversy. *See Cumming v. Johnson*, 616 F.2d 1069, 1072 (9th Cir. 1979) (determining the amount in controversy for a company with a "negative book value" by considering the company's positive stock sales "when the company's financial situation was similar to its condition at the time of [the] litigation"). In this case, Defendants have offered evidence that Plaintiffs agreed to sell Greenberg's shares of stock to Rullan, Jr. for $500,000. Plaintiffs have not shown that the condition of Timber Ridge and Youth World, Ltd. was different on August 24, 2011, the date of the Agreement, than it was on September 20, 2014, the date of removal. Accordingly, that transaction establishes that the amount in controversy is satisfied.

### B.  DIVERSITY

Defendants have proven by a preponderance of the evidence that the parties are diverse. Timber Ridge, incorporated in West Virginia with its principal place of business there, is a citizen of West Virginia.  28 U.S.C. § 1332(c)(1); *see MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005).  The complaint alleges that Greenberg is a "resident" of Florida, and that the Rullans are "residents" of Spain.  Were it filed in federal court, "the complaint [would have] allege[d] the citizenship, not residence, of the natural defendants."  *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) (Tjoflat, J.).  This is so because "[c]itizenship, not residence, is the key fact that must be alleged to establish diversity for a natural person," *Id.*  Nevertheless, "'[d]effective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.'"  *Id.* (quoting 28 U.S.C. § 1653).  *Id.*  Section 1653 is read "liberally," so that the presentation of conflicting evidence may "cure [a plaintiff's] pleading defect."  *See id.* (declining to dismiss a complaint for lack of diversity by allowing "admissions and record evidence to cure [a] pleading defect").

In their Notice of Removal, Defendants represent that they are not United States citizen, neither admitted for permanent residence nor domiciled here.  *See* Notice of Removal, at 1 ("Defendant Luis Rullan is a Spanish national residing in Europe. His co-defendant in the State Action is his father, Luis (Colom) Rullan, Sr. ("Rullan Sr."), who is also a Spanish national residing in Europe. Neither are citizens or residents of the United States.").  Nowhere do Plaintiffs allege that Defendants are not United States citizens.  Nor do Plaintiffs allege that Greenberg is a Spanish citizen.  Neither do Plaintiffs, in their Motion for Remand, argue that the parties are not diverse. Because Plaintiffs have not objected to Defendant's representation of

7

their citizenship, the Court will consider Plaintiffs to have admitted it. Since Defendants have shown they are foreign citizens and share no state of domicile with Plaintiffs, Defendants have proven diversity by a preponderance of the evidence. Accordingly, the Court finds that it has jurisdiction.[1]

## DISCUSSION

Federal courts should avoid duplicating suits in two federal forums. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 ("As between federal district courts . . . the general principle is to avoid duplicative litigation."). A suit is "duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986). When two suits are duplicative, "the court initially seized of the controversy should be the one to decide the case." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982). To avoid duplicative suits, trial courts have "broad discretion" to "stay or dismiss litigation." *I.A. Durbin, Inc.*, 793 at 1551–52.

Plaintiffs' present suit is duplicative of the Maryland suit. Only one party in the present case, Rullan, Sr. is not a party to the Maryland suit. Although the parties differ, this difference is

---

[1] Plaintiff argue against removal because Defendants' Notice of Removal failed to attach "a copy of all process, pleadings, and orders served" upon Defendants, as required by 28 U.S.C. § 1446(a). While Defendants did fail to attach a copy of the state court civil action cover sheet or a copy of a default order against Rullan, Sr., these omissions do not render Defendants' Notice of Removal jurisdictionally defective. *See Usatorres v. Marina Mercante Nicaraguenses, S.A.,* 768 F.2d 1285, 1286 (11th Cir. 1985) (per curiam) ("[T]he failure to file papers required by the removal statute may be remedied."); *Stephens v. State Farm Fire & Cas. Co.,* 149 Fed. App'x. 908, 910 (11th Cir. 2005) ("[T]his Court has held that although a party failed to file all the necessary papers with the district court under § 1446, removal was proper."); *Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930, 933 (5th Cir. 1958) ("[C]laimed omissions from the record on which appellant relies to defeat the removal are, if omissions, merely modal and formal and are completely without effect upon the removal, if the case is in its nature removable."); *Wood v. City of Lanett,* 564 F. Supp. 2d 1317, 1320–1321 (M.D. Ala. 2008) ("[T]he Eleventh Circuit Court of Appeals has continued to hold that failure to file certain documents with the notice of removal does not defeat the district court's removal jurisdiction.").

not significant. Parties significantly differ when at least more than one individual is not party to each case. *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541 (11th Cir. 1986). For example, when bank files a foreclosure suit against a debtor and seizes the debtor's belongings, and that debtor then files suit against the bank, the bank's vice-president, the sheriff that seized the belongings, the moving company that moved the belongings, the locksmith that gained access to the belongings, the bank's law firm, and the bank's attorneys, then the parties to both suits significantly differ. *See id.* Here, the difference is not so significant.

Likewise, the issues in the present suit and the Maryland suit do not significantly differ. The present suit asks the Court to determine if the Agreement is a contract. The Maryland suit asks the Maryland court to determine if the Agreement was breached. To determine if the Agreement was breached, the Maryland court must necessarily determine the Agreement was a contract. *See e.g., Edens v. Goodyear Tire & Rubber Co.*, 858 F.2d 198, 202 (4th Cir. 1988) ("To establish a breach of contract, [the plaintiff] was first required to prove the existence of a contract."). The present suit also asks the Court to decide whether Rullan, Jr. fraudulently induced Greenberg to enter into the Agreement. Conversely, the Maryland Suit asks the Maryland court to determine if *Greenberg* fraudulently induced *Rullan, Jr.* to enter into the Agreement. Again, these issues, if not identical, do not significantly differ.

Finally, the available relief in the present suit and the Maryland suit do not significantly differ. Both this Court, explicitly through a claim for declaratory judgment, and the Maryland court, implicitly through a claim for breach of contract, must declare whether the Agreement was a contract. And both this Court and the Maryland court can award monetary damages for fraudulent inducement. This is the not a case in which the available relief, though superficially

9

identical, is "inherently different," such as when each vindicates different rights. *See Hoover v. U.S. Dep't of the Interior*, 611 F. 2d 1132, 1137 (5th Cir. 1980). For example, when a property owner in a takings action seeks to obtain evidence of government's appraisal process to determine if compensation was just, he asserts the right of "his particularized status as the landowner . . . ." *Id.* But, if that same property owner seeks the same evidence under the Freedom of Information Act, 5 U.S.C. § 552, he asserts "the rights of the public to obtain such appraisals." *Id.* In that case, the available relief is inherently different. Here, however, the rights vindicated are those of private parties. The available relief is not inherently different, and do not significantly differ. Accordingly, the present suit and the Maryland suit are duplicative.

## CONCLUSION

Because the Court has broad discretion to dismiss duplicative lawsuits, and because the parties, the issues, and the available relief in the present suit and the Maryland suit do not significantly differ,

It is hereby

**ORDERED** and **ADJUDGED** that:

1. Defendants Luis (Janer) Rullan and Luis (Colom) Rullan, Sr.'s Motion to Transfer [ECF No. 1] is **DENIED**.

2. Plaintiffs Fred Greenberg and Timber Ridge, Inc.'s Motion for Remand [ECF No. 8] is **DENIED**.

3. Plaintiffs' claims against Defendants are **DISMISSED WITHOUT PREJUDICE** to renewal upon the close of *Rullan v. Goden*, 1:12-cv-02412-CCB (D. Md.) and all related appeals.

Case 9:14-cv-81191-DTKH   Document 11   Entered on FLSD Docket 10/24/2014   Page 11 of 11
Order Denying Defendants' Motion to Transfer, Dismissing Action, and Closing Case
*Greenberg v. Rullan*, No. 14-81191-CV-Hurley/Hopkins

4. All pending motions are **DENIED AS MOOT.**

5. This case is **CLOSED**.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 24th day of October, 2014.

                                                    Daniel T. K. Hurley
                                            United States District Judge

*Copies provided to counsel of record*