UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81191-CV-HURLEY/HOPKINS

FRED GREENBERG and
TIMBER RIDGE, INC.,

    Plaintiffs,

v.

LUIS (JANER) RULLAN, and
LUIS (COLOM) RULLAN,

    Defendants.
_____/

ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION
OF ORDER DISMISSING CASE, AND STAYING CASE

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion for Reconsideration of Order Dismissing Case [ECF No. 12]. Plaintiff Timber Ridge, Inc. ("Timber Ridge") is a children's summer camp partly owned by Co-Plaintiff Fred Greenberg. Defendants are Juis (Janer) Rullan ("Rullan, Jr."), a former camper at Timber Ridge, and Luis (Colom) Rullan, Sr. ("Rullan, Sr."), his father. Seeking to retire from Timber Ridge, Greenberg met with the Rullans in Palm Beach County, Florida to discuss a sale. They reached an alleged agreement, which was soon followed by a disagreement.

As a result of their disagreement, Rullan, Jr. sued Greenberg in the United States District Court for the District of Maryland on August 14, 2012, adding Timber Ridge as a defendant on November 5, 2013. Timber Ridge's response in the Maryland case is due thirty days after a February 20, 2015 mediation, at which time it intends to file a motion to dismiss for lack of personal jurisdiction. *See* Pl.'s Reply at 5.

Instead of filing a counterclaim in the District of Maryland, Greenberg and Timber Ridge filed suit against the Rullans in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida on August 18, 2014.  Upon removal to the United States District Court for the Southern District of Florida, this Court dismissed the case.  Following the principle of *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986), the Court found that Plaintiffs' present suit was duplicative of the Maryland suit.  Plaintiffs now move the Court to reconsider this dismissal, requesting that the Court instead stay this litigation pending the resolution of the Maryland case.

## LEGAL STANDARD

There are three reasons to grant a motion for reconsideration under Rule 59(e):  "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004).  "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir.2005)).  "A district court has sound discretion whether to alter or amend a judgment pursuant to a motion for reconsideration, and its decision will only be reversed if it abused that discretion." *Id.* (citing *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir.1992)).

## DISCUSSION

Plaintiffs argue that dismissing the case, and not staying it, wreaks a manifest injustice against them.  According to Plaintiffs, if they cannot bring their case against Rullan, Sr. in the

2

Southern District of Florida, then they cannot bring a case against him at all. For, Plaintiffs contend, they cannot establish jurisdiction against Rullan, Sr. anywhere but here. More appropriate to them would be a stay of the current litigation pending resolution of the Maryland case.

## ANALYSIS

The Eleventh Circuit in *Durbin I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551–52 (11th Cir. 1986) provides the district court "broad discretion" to "stay or dismiss litigation" it finds duplicative. *Durbin* notes that a "discretionary stay is justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." *Id.* at 1552 n.13. *Durbin* recognizes it would be the defendant who is the suppliant for the stay, as the defendant is the person forced into court during the pendency of the earlier case. In this case, though, it is Plaintiffs who are the suppliant. Plaintiffs request a stay not because of the inequity of defending a claim during the pendency of another case, but because they fear losing their claim. Plaintiffs explain that without a stay, Plaintiffs may ultimately fail the statute of limitations and never obtain jurisdiction over Rullan, Sr. Upon review of their motion and an appreciation of Plaintiffs' concern, the Court finds that equity justifies a stay, not a dismissal: even if Plaintiffs *could* have brought their claims against the Rullans in Maryland, the Court does not hold that they *should* have, or that they faulted by filing them here.

Plaintiffs explain to the Court that jurisdiction in Maryland has not yet been established over Timber Ridge. In fact, Timber Ridge intends to contest jurisdiction after the conclusion of

3

mediation.  Therefore, for Timber Ridge to have filed a counterclaim in Maryland against the Rullans would have either been premature or mistaken—mistaken because, had it done so, Timber Ridge may have subjected itself to personal jurisdiction there.  *See e.g., Family Dollar Stores, Inc. v. Christian Casey LLC*, No. CIV. 3:06CV377, 2008 WL 820281, at *5 (W.D.N.C. Mar. 20, 2008) (explaining that "the trend"—but not the established rule—"is to hold that no Rule 12(b) defense is waived by the assertion of a counterclaim . . . .").  Given its concern in waiving contested jurisdiction, Timber Ridge did not fault by filing its suit as a complaint in Palm Beach County, Florida, as opposed to a counterclaim in Maryland.  Nor did Greenberg fault by doing the same.  Greenberg explains that he could not obtain jurisdiction over Rullan, Sr. in the District of Maryland.  Although Greenberg could have filed his Florida complaint against only Rullan, Jr., to seek complete relief he felt it necessary to add Rullan, Sr.  In fact, Rullan, Sr. may be a required party under Federal Rule of Civil Procedure 19; *see generally Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999) ("A party is considered "necessary" to the action if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings.").

      A stay of this case, then, would be more equitable than a dismissal:  were the Court to dismiss Plaintiffs' claims against Rullan, Jr., then Timber Ridge could not bring a suit against him without potentially subjecting itself to jurisdiction in Maryland; were the Court to dismiss Plaintiffs' claims against Rullan, Sr., then both Greenberg and Timber Ridge may be forever prevented from bringing suit against him.  To dismiss the present case, and not to stay it, could

Case 9:14-cv-81191-DTKH   Document 17   Entered on FLSD Docket 01/07/2015   Page 5 of 5
Order Granting Motion for Reconsideration
*Greenberg et al. v. Rullan et al.*, No. 14-81191-CV-Hurley/Hopkins

foreclose Plaintiffs' remedies against both the Rullans. Any gain in judicial efficiency or minimization of duplicative lawsuits would be insufficient to outweigh this inequity.

## CONCLUSION

For the aforementioned reasons, it is hereby

**ORDERED** and **ADJUDGED** that:

1. Plaintiffs' Motion for Reconsideration of Order Dismissing Case [ECF No. 12] is **GRANTED**.

2. Paragraph 3 of The Order Denying Defendants' Motion to Transfer, Denying Plaintiffs' Motion for Remand, Dismissing Action, and Closing Case [ECF No. 11] is **AMENDED** as follows:

   Plaintiffs' claims against Defendants are **STAYED** pending the close of *Rullan v. Goden*, 1:12-cv-02412-CCB (D. Md.) and all related appeals.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 7th day of January, 2015.

> Daniel T. K. Hurley
> United States District Judge

*Copies provided to counsel of record*