UNITED STATES DISTRICT COURT
Southern District of Florida
Case Number: 9:14-cv-81191-DTKH

**FRED GREENBERG and TIMBER RIDGE, INC.,**
    Plaintiffs,

vs.

**LUIS JANER RULLAN and LUIS COLOM RULLAN, SR.,**
    Defendants.
_____/

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE AND INCORPORATED MEMORANDUM OF LAW**

**COMES NOW,** the Plaintiffs, **FRED GREENBERG** ("Greenberg") and **TIMBER RIDGE, INC.** ("Timber Ridge") (collectively hereinafter the "Plaintiffs"), by and through undersigned counsel on their behalf, and submit this Motion for Reconsideration of its Order, Exhibit "A" pursuant to a *sua sponte* Order to Show Cause, Exhibit "B", dismissing the instant action with prejudice that was filed against the Defendants, **LUIS JANER RULLAN** ("Rullan") and **LUIS COLOM RULLAN, SR.** ("Rullan, Sr.")(collectively hereinafter the "Defendants"), and as grounds state as follows:

**Summary of the Argument**

The Court should reconsider its Order dismissing this action filed by the Plaintiffs, vacate the Order, and stay this action pending the resolution of the Maryland Lawsuit. While the Plaintiffs are cognizant of the law, which holds that Federal court should attempt to avoid duplicating suits in two federal forums, the dismissal here is highly prejudicial as the Maryland court does not have jurisdiction over Rullan, Sr., and the claim for fraudulent inducement against him must be brought here in Florida. Moreover, at this time the statute of limitations for

bringing forth a claim against Rullan Sr. would be barred if brought in any other court. In that regard, and to the extent this Court believes that there are overlapping issues on matters related to the non-binding document called "Partnership Agreement August 24th, 2011—Timber Ridge Camp, HV, WVA" (*See* Exhibit "C"), then this case should be stayed pending the resolution of that action so Greenberg's fraud claim against Rullan, Sr. is not barred, which the Maryland Court does not and will not have jurisdiction over, or permit this action to proceed at this time in this Court, or require Rullan, Sr.'s consent to a transfer of this action to the District Court for the District of Maryland.

With that said, federal courts generally should stay rather than dismiss actions when they decline to proceed on the merits due to the pendency of a related proceeding because, should the other action fully resolve the dispute, then the practical effect of a stay would be identical to that of dismissal. However, should issues remain, the parties can revive an action without obligation to file again and without fear that the statute of limitations will have run, inasmuch as the federal court will have retained its jurisdiction over the case. That is exactly the concern here for Greenberg if this Court does not reconsider its order of dismissal. As such, it is requested that this Court reconsider its order of dismissal, vacate same, and enter an order staying and/or abating this case pending the outcome of the Maryland Lawsuit.

## Factual History

1. On August 18, 2014, Plaintiffs initiated the instant lawsuit in the Circuit Court for the 15th Judicial Circuit in Palm Beach County, Florida against the Defendants (the "State Court Action"). The first cause of action is for Declaratory Relief against Rullan. In that claim, the Plaintiffs seek a declaration from the Court to determine whether a Letter of Intent is an enforceable contract and whether Rullan is a fifty percent (50%) owner in Timber Ridge.

2. The second cause of action is brought by Greenberg against Rullan, Sr. That claim contends that if the Court were to find that a Letter of Intent is an enforceable contract and that Rullan is a fifty percent (50%) owner in Timber Ridge, as he claims, then Rullan, Sr. fraudulently induced Greenberg and should be held liable for the damages. Rullan, Sr. was served on or about September 26, 2014 at his residence in Barcelona, Spain. He has no ties to Maryland and the Maryland Court has no jurisdiction over him.

3. Greenberg's claims against Rullan, Sr., who is a Spanish citizen and lives in Barcelona, Spain, arise directly from a December 4 and 5, 2010 meeting in the lobby and at restaurants of the St. Andrews Club House in St. Andrews, Florida.

4. At the meeting, Rullan, Sr. met with Greenberg to discuss Timber Ridge camp's business.

5. At the meeting in Florida, Rullan, Sr. represented that Rullan had the financial ability to purchase Greenberg's ownership interest in Timber Ridge and YWL. In fact, Rullan, Sr. stated to Greenberg that there would be absolutely no issue concerning Rullan's ability to purchase Greenberg's ownership interests as Rullan, Sr. would help Rullan fund such purchase if need be, but that Rullan has sufficient wealth on his own to be able to afford to pay more than what was needed for half the value of the companies and all the debt. Rullan, Sr. purported that his son, Rullan, was significantly wealthy and had the financial wherewithal to: (a) assume Greenberg's debt obligations; (b) assume Greenberg's personal guaranties of Timber Ridge and YWL's debts; (c) reimburse Greenberg for outlaid monies in Timber Ridge and YWL; and (d) purchase Greenberg's interest in Timber Ridge and YWL.

6. Further, Rullan, Sr. represented to Greenberg at the December meeting in St. Andrews, Florida that Rullan, Sr. would provide financial backing to the Camp whenever needed.

7. Greenberg contends that these representations made to him in Florida, where he lives, are fraudulent and actionable against Rullan, Sr., and thus brought a claim against him for fraud in the inducement.

8. The Plaintiffs moved to remand this case to state court in Florida. This Court not only denied the remand, but dismissed the case advising that the claims, including Greenberg's fraud claim against Rullan, Sr. should be brought in a pending Maryland Lawsuit to which Rullan, Sr. is not a party. See Exhibit "D".

9. The Plaintiffs then moved for reconsideration of the prior order of dismissal and this Court reversed its decision and reinstated the action stating that "Upon review of their [Plaintiffs'] motion and an appreciation of Plaintiffs' concern, the Court finds that equity justifies a stay, not a dismissal: even if Plaintiffs *could* have brought their claims against the Rullans in Maryland, the Court does not hold that they *should* have, or that they faulted by filing them here." See Exhibit "E".

10. Since January 7, 2015, and until this Court entered its *sua sponte* order on October 18, 2017, this action has been stayed.

11. The Maryland Court, has no jurisdiction over Greenberg's fraud claim against Rullan, Sr. for statements made by Rullan, Sr. to Greenberg in St. Andrews, Florida.

12. Rullan, Sr., an admitted citizen of Spain with no ties to Maryland, was physically present in the State of Florida, Palm Beach County, for the matters related to his actions alleged in the instant action. There is nothing in the Maryland Lawsuit that provides for Rullan, Sr. to

the State of Maryland for any court to have personal jurisdiction over him. Rather, the claims against him require jurisdiction in the State of Florida and Florida only.

13. If Greenberg sued Rullan, Sr. in the Maryland Lawsuit, or in Maryland state court, the claims would be dismissed for improper venue and more importantly because the Maryland Courts would not have jurisdiction over Rullan, Sr. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). To assert personal jurisdiction over a nonresident defendant, such as Rullan, Sr., his conduct in connection with the forum state must be "such that he should reasonably anticipate being hauled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The primary concern of the Court in regard to the exercise of personal jurisdiction, is the relationship among the defendant, the forum and the litigation. *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977). A defendant's unilateral contact with the state is not enough to establish minimum contacts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). There must be "some act by which the Defendant purposely avails [himself or herself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

14. Here, no Court in Maryland under the facts of this case will hail Rullan, Sr. into its jurisdiction based upon fraudulent statements made to Greenberg in Florida, where Greenberg resides and where he was injured. As such, the Court's dismissal here will act as an adjudication on the merits and avail Rullan, Sr. of any liability for his actions without having to defend substantively the claims raised against him. One would think that was not the intention of this Court when it entered its order of dismissal.

15.	It should be noted that this Court in its Order dismissing this action relies heavily on *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541 (11th Cir. 1986). *See* Order at Page 9. In the Order, the Court articulates that:

> The present suit also asks the Court to decide whether Rullan, Jr. fraudulently induced Greenberg to enter into the Agreement. Conversely, the Maryland Suit asks the Maryland court to determine if *Greenberg* fraudulently induced *Rullan, Jr.* to enter into the Agreement. Again, these issues, if not identical, do not significantly differ.

*Id.*   As noted in more detail below, *Durbin* does not support dismissal of this action. In fact, if at all, a stay was and is the appropriate remedy under *Durbin*.

16. This Court previously agreed with the Plaintiffs that a stay is proper as not to prejudice the Plaintiffs' claims with respect to statute of limitations, but now dismissed the action solely on the issue that the court in the Maryland Lawsuit ruled that it had jurisdiction over Timber Ridge, and thus the first filed action rule controls.  However, in the order of dismissal, this Court completely ignored the fact that Greenberg has claims against the Rullans, including against Rullan, Sr. for which he would be prejudiced against for not bringing forth such claims by being barred by expiration of the statute of limitations.

17. Furthermore, this Court for almost three years stayed the instant action, and now dismisses the action claiming the case should be litigated in Maryland with the Maryland Lawsuit, which the Plaintiffs are prejudiced because they would need leave of the court in that action to amend their claims for assert the claims herein, which is not guaranteed, as well as discovery has proceeded for some time in that action that did not contemplate the claims herein!

## MEMORANDUM OF LAW

### A. *Motion for Reconsideration*

A motion for reconsideration may be brought pursuant to Fed. R. Civ. P. Rule 59(e) or Rule 60(b). *Lewis v. United States Postal Service*, 840 F.2d 712, 713 n. 1 (9th Cir. 1988). The circumstances under which rule the motion is actually governed turns on the time at which the motion is served. If the motion is served within ten (10) days of the rendition of judgment, the motion falls under Rule 59(e); conversely, if it is served after that time, it falls under Rule 60(b). In the case at bar, Rule 59(e) governs, since this Motion has been filed within ten (10) days of the Court's order granting the Motion.

The decision whether to grant or deny a motion to reconsider is at the discretion of the Court. *See American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237 (11th Cir. 1985). A motion for reconsideration must demonstrate why the court should reconsider its decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *See Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993). The Middle District of Florida has recognized three (3) major grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "With regard to the third ground, the Court cautions that any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Lamar Advertising of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480 (M.D. Fla. 1999), citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

In the instant case, the third ground is applicable because the Court's Order results in injustice on the following grounds:

A. Dismissal is not the proper remedy under *Durbin*.

B. A stay is the appropriate remedy under *Durbin,* or permit the claims to proceed.

C. If the Court were not to reconsider its Order, then Greenberg would have no forum for his fraud claim against Rullan, Sr. and effectively Rullan, Sr. would be relieved from liability without having to substantively defend the Greenberg's claim that Rullan, Sr. made fraudulent statements to him in Florida, which is where Greenberg resides and which injured him in Florida.

Accordingly, it is requested that this Court reconsider the Order granting to cure manifest injustice.

### B.     *A Dismissal was not Warranted and a Stay Should Be Entered*

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248 (1936). "A variety of circumstances may justify a district court stay pending the resolution of a related case in another court." *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). A district court should generally stay rather than dismiss the federal action pending the outcome of the parallel proceeding. *Sabato v. Florida Dep't of Ins.,* 768 F. Supp. 1562, 1567 (S.D. Fla. 1991).

It its previous order granting the dismissal of this case, the Court cites to *I. A. Durbin, Inc. v. Jefferson National Bank*, 793 F. 2d 1541 (11th Cir. 1986) and describes it as a case which provides the principles for determining the appropriateness of dismissal. *Durbin*

provides the principles for determining whether litigation is "duplicative", not whether a dismissal is appropriate:

> . . . Although no precise test has been articulated for making this determination, the general rule is that a suit is duplicative of *another suit if the parties, issues, and available relief do not significantly differ between the two actions.* . . [emphasis added].

However, from *Durbin*, we can glean that where the parties, issues, and available relief do not significantly differ between the two actions, they may be considered "duplicative" and a stay of one action may be appropriate, *provided the movant has established the other necessary requirements for the imposition of a stay. Id.* at 1552 n. 13.   *Durbin* determined whether the trial court had abused its discretion by improperly dismissing what was alleged to be a "duplicative" action. The appellate court held that the dismissal was an abuse of discretion because the parties and issues in the two actions differed "significantly". *Id.* at 1552.

In *Durbin,* the proceedings at issue involved the same plaintiffs.  However, *Durbin* held that the "parties" to the two actions were "significantly different" because one of the actions involved *additional defendants,* even though there was a common defendant in both actions.  In the instant action, Rullan, Sr. is not a party to the Maryland Lawsuit and the Maryland federal court will not have jurisdiction over Greenberg's claims against Rullan, Sr. for fraudulent statements that took place in St. Andrews, Florida, which is where Greenberg resides and was damaged.    Thus, the instant case presents even stronger support for a finding that the "parties" are "significantly different".

The court in *Durbin* held that the issues in the two actions in that case were "significantly different" and not "duplicative" because a single element of the cause of action required to be proved in one proceeding was not required to be proved in the other. *Id.*  Applying this standard to the instant case (in which the defendants are different and there is a claim against Rullan, Sr.

that cannot be brought in the Maryland Lawsuit for fraud) requires a finding that the instant action is not duplicative of the Maryland Lawsuit, as the alleged causes of action, in their entirety (not just a single element of a cause of action), require proof of elements/claims as against Rullan, Sr. that are not required and cannot be alleged, brought or proved in the Maryland Lawsuit.

The 11th Circuit in *Durbin* held that dismissal of one action as "duplicative", under the facts in *Durbin,* was an abuse of discretion; and that *Durbin* expressed "no opinion" on the appropriateness of a stay.  Rather, *Durbin* stated that a stay might be appropriate, but "only if, based *on a balancing of the parties' interests,* there is a *clear inequity* to the suppliant [movant] who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain *reasonable limits on its duration*",  *Id.* at n. 3 (citing *Landis v. North American Co.,* 299 U.S. 248, 254–259 (1936); *GATX Aircraft Corp. v. M/V Courtney Leigh,* 768 F. 2d 711, 716 (5th Cir. 1985); and *Hines v. D'Artois,* 531 F. 2d 726, 733 (5th Cir. 1976)).

Thus, the test for determining whether a stay is appropriate, as outlined by the 11th Circuit in *Durbin,* requires a showing of "clear inequity".  *Durbin* noted that the test for imposing a stay is found in the cases of *Landis, GATX,* and *Hines.* The U.S. Supreme Court, in *Landis,* enunciated the test as follows:

> [T]he suppliant for a stay *must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Landis, supra,* at 254 [emphasis added].

Similarly, the opinion in the *Hines* decision of the 5th Circuit echoes the *Landis* test. The 5th Circuit in *GATX,* stated the test as follows:

> A stay can be justified *only if,* based on a *balancing of the parties' interests,* there is a *clear inequity* to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration. *GATX, supra,* at 716. [emphasis added]

Here, it is suggested that under the law of *Durbin* and the facts of the instant case dismissal was not warranted. In fact, dismissal is highly prejudicial. *Durbin,* if at all, suggests that the appropriate remedy would have been a stay of this action (not a dismissal) pending the outcome of the Maryland Lawsuit. The practical effect of stay would be identical to that of dismissal, but should issue remain, parties can revive action without obligation to file again and without fear that statute of limitations will have run, inasmuch as the proper federal court will have retained its jurisdictional tie to case, which is the only court where Greenberg can bring his claims for fraud against Rullan, Sr.

In its most recent order, this Court ruled that since the court in the Maryland Lawsuit determined it had personal jurisdiction over Timber Ridge, this action should be dismissed since that is the first filed case. However, this Court overlooked the issues relating to Rullan, Sr. in its most recent order, and the fact that claims would not be able to proceed against him, and now Timber Ridge is prejudiced by an almost three years stay of its claims due to the stay, which may or may not be able to be brought in the Maryland Lawsuit because of a timeliness of when they will be asserted.

The Plaintiffs understand that this Court believes that the Maryland Lawsuit should be resolved first to address any overlapping or similar issues, to the extent such exists. However, they implore the Court to simply stay this action and not dismiss it, or better yet, to permit the instant action to proceed and the merits decided here before this Court after discovery is completed.

Finally, even though the Plaintiffs understand that this Court did not rule on any of the merits of their claims, or even pass any judgment on any of the claims asserted in the instant action, the Court did enter a dismissal of the action with prejudice, which raises a potential issue of res judicata and/or collateral estoppel if the Plaintiffs attempted to bring their claims again in another jurisdiction and/or venue, or if the Defendants attempted to use such ruling in the Maryland Lawsuit or in another action against the Plaintiffs as a sword.  Therefore, dismissal of this action with prejudice is prejudicial to the Plaintiffs and should be reconsidered and vacated.

In conclusion, the Court should reconsider its order of dismissal, vacate the order and permit this action to proceed to discovery or stay the proceedings should the Court believe that a stay is warranted under *Durbin.*

### Certificate of Good Faith Conference Pursuant to Local Rule 7.1(a)(3)(A)

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has attempted on several occasions to confer with the Counsel for the Defendants in a good faith effort to resolve the issues by has been unable to resolve the issues.

By: **/JMD/**
Jonathan M. Davidoff, Esq.

Dated: 3 November 2017

Respectfully Submitted,

**Davidoff Law Firm, PLLC**
By: **/JMD/**
Jonathan Marc Davidoff, Esq.
Florida Bar No.:  179833
Attorneys for the Plaintiffs
228  East 45th Street, Suite 1700
New York, New York 10017
Tel:  (212) 587-5971
Fax:  (212) 658-9852
Email:  Jonathan@davidofflawfirm.com

                                              **Law Offices of Aaron Resnick, P.A.**

By: _____**/ARR/**_____
               Aaron R. Resnick, Esq.
               Florida Bar No.: 141097
               Attorneys for the Plaintiffs
               100 North Biscayne Blvd.
               Suite 1607
               Miami, Florida 33132
               Telephone: (305) 673-5933
               Facsimile: (305) 718-0647
               Email: AResnick@thefirmmiami.com

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the attached was served by the Court's CM-ECF service on all appropriate parties on November 3, 2017.


_____**/JMD/**_____
Jonathan Marc Davidoff, Esq.
Fla Bar #179833

_____**/ARR/**_____
Aaron Resnick, Esq.
Fla Bar #141097